IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL D. PHIFFER,     OPINION and ORDER

                Petitioner,                                            10-cv-400-slc[1]

   v.

GREGORY GRAMS, Warden,
Columbia Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Earl D. Phiffer, an inmate at the Columbia Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is challenging his March 17, 2008 judgment of conviction in the Circuit Court for Rock County for one count each of obstructing an officer, fleeing an officer and second-degree recklessly endangering safety.  Petitioner raises three grounds for relief in his habeas petition:  (1) the trial court lacked probable cause to bind him over for trial; (2) the sentencing court violated his equal protection rights by failing to credit his sentence with time spent in jail pretrial, pre-conviction and post-conviction; and (3) the prosecutor was vindictive when he amended the criminal complaint after petitioner

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

had pleaded guilty. He is proceeding under the in forma pauperis state, 28 U.S.C. § 1915, and has made an initial partial payment.

The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Petitions under § 2254 must "specify all the grounds for relief available to the petitioner" *and* "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases. The "notice pleading" historically permitted in civil suits is inadequate for habeas cases, because "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996). After reviewing the petition, I conclude that petitioner's claim that the state court lacked probable cause to detain him until his trial does not state a constitutional claim upon which relief may be granted. With respect to petitioner's other two claims, he has not included enough facts in his petition to allow a determination that he may be entitled to relief. I will give him an opportunity to file an amended petition with additional facts to support his claims regarding sentence credit and vindictive prosecution. In addition, I will provide some guidance in this

2

order regarding the information that he should include.

Petitioner's convictions were the subject of the Wisconsin Court of Appeals' decision in State v. Phiffer, 20 WI App 33, 2010 WL 307926 (Jan. 28, 2010) (unpublished opinion). I have drawn most of the facts set out below from that opinion.

FACTS

In 2003, petitioner was charged with one count each of obstructing an officer, fleeing an officer and second-degree recklessly endangering safety, all as a repeat offender. Over the course of the next five years, petitioner had five different attorneys appointed to represent him. Finally in January 2008, a jury trial was held on the charges in the Circuit Court for Rock County. On January 8, 2008, petitioner was convicted on all counts. On March 13, 2008, he was sentenced to a total of four years for second-degree recklessly endangering safety, with two years to be served in a state prison and two years on supervised release. He was sentenced to nine months of jail time on the other two counts, to be served concurrently with his four year sentence.

Petitioner moved for post conviction relief on seven grounds. Specifically, he contended that the circuit court erred by not allowing him to be present at trial, not allowing him to hire an attorney to represent him at trial, not allowing him to represent himself at trial, allowing the state to amend the criminal complaint after he entered his plea, applying

3

a penalty enhancer improperly and not granting him sentence credit for time he spent in jail while his case was pending. He also alleged ineffective assistance of counsel. In an opinion issued January 28, 2010, the Wisconsin Court of Appeals rejected petitioner's arguments and affirmed the conviction. On May 13, 2010, the Wisconsin Supreme Court denied petitioner's request for review.

## DISCUSSION

In his habeas petition, petitioner has narrowed his claims to three: the lack of probable cause to bind him over, the court's failure to credit his sentence with time spent in jail pretrial, before conviction and after conviction; and the prosecutor's alleged vindictiveness. Petitioner's first claim will be dismissed because it does not state a constitutional claim that can be raised in a habeas petition. With respect to the second and third claims. petitioner has not provided enough information to show whether he has stated claims for relief.

### A. Lack of Probable Cause to Detain Plaintiff Prior to Trial

Petitioner challenges the sufficiency of the evidence at the preliminary hearing at which the trial court found probable cause to believe that he had committed a felony and should be bound over for trial. Petitioner contends that the evidence at the preliminary

4

hearing was insufficient to bind him over for trial because the two arresting officers gave contradictory and false information at the hearing. This is not a constitutional claim that can be brought in a petition for a writ of habeas corpus. Although the Fourth Amendment "requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest, . . . [an] illegal arrest or detention does not void a subsequent conviction." Gerstein v. Pugh, 420 U.S. 103, 119 (1975) ("[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"); see also Matta-Ballesteros v. Henman, 896 F.2d 255, 260 (7th Cir. 1990) (holding that an illegal arrest, without more, is not a bar to prosecution or a defense to a valid conviction); Sanders v. Israel, 717 F.2d 422, 423 (7th Cir. 1983) (same). In other words, although petitioner may have been able to challenge the probable cause for his pre-trial detention, *while he was in pre-trial detention,* he may not now challenge his pre-trial detention as a means to overturn his conviction. Therefore, this claim will be dismissed for failure to state a claim.

### B. Jail Time Credit

Plaintiff contends that he was denied credit for time spent in jail prior to his conviction and that this denial violated his right to equal protection under the law. Petitioner has provided no facts regarding his present sentence or the time he spent in

5

custody before he was convicted. Without such facts, it is impossible to determine whether he has a viable claim under federal law.

In addition, plaintiff does not explain how his sentence violated his right to equal protection. The equal protection clause provides that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Equal protection claims typically involve a government action or rule that draws a distinction using a suspect class, such as race, alienage or national origin, or that denies a fundamental right. Srail v. Village of Lisle, Ill., 588 F.3d 940, 943 (7th Cir. 2009). To succeed ultimately on an equal protection claim, petitioner would have to demonstrate intentional or purposeful discrimination. Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982).

Petitioner has alleged no facts about his alleged differential treatment or his possible membership in a suspect class. He has not alleged any facts suggesting that the sentencing judge acted discriminatorily in denying him sentence credit. Without such facts, it is unlikely that petitioner can raise a federal claim regarding the sentence credit, in light of the fact that petitioner was sentenced to less than the maximum sentence imposed by Wisconsin law. See Wis. Stat. §§ 939.50(3)(g) (penalty for class G felony not to exceed 40 years' imprisonment); 941.30(2) (second-degree recklessly endangering safety is class G felony); 939.62(1)(b) (for habitual criminals, "maximum term of imprisonment of more than one year but not more than 10 years may be increased by not more than 2 years if the prior

6

convictions were for misdemeanors and by not more than 4 years if the prior conviction was for a felony").  See also Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (challenges to state trial court's sentencing decision are "not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law").

Accordingly, if petitioner chooses to include this claim in his amended petition, he should include the following information:

- the specific time period for which he seeks sentence credit and whether he was in custody for any other conviction at that time;
- why he believes his sentence is inaccurate; and
- why he believes the error in his sentence caused a violation of his constitutional rights.

In addition, if petitioner believes his right to equal protection was violated, he should include the following information:

- how he was treated differently from other similarly situated individuals;
- whether he is a member of a suspect class or believes that one of his fundamental rights was violated; and
- the action or rule that he believes is discriminatory.

C.  Vindictive Prosecution

Petitioner states that after he pleaded "not guilty," the prosecutor amended the criminal complaint to include charges that were unrelated to the original complaint. Petitioner contends that this amounted to vindictive prosecution and violated his right to due process under the Fourteenth Amendment.

In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). In addition, during plea negotiations, the prosecutor may threaten to charge a criminal defendant with additional or more serious charges on which he is plainly subject to prosecution, and later add those charges if the defendant refuses to plead guilty. Id. at 363-65. However, the due process clause of the Fourteenth Amendment has been interpreted to prohibit prosecutions under circumstances suggesting a "realistic likelihood of 'vindictiveness'" on the part of the prosecutor. Blackledge v. Perry, 417 U.S. 21, 27 (1974). "In order to succeed on a claim of prosecutorial vindictiveness, a defendant must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." United States v. Jarrett, 447 F.3d 520, 525 (7th Cir. 2006) (citations omitted). A defendant may

8

do this by showing that the decision to pursue an indictment was not based on the "usual determinative factors" a responsible prosecutor would consider before bringing charges. United States v. Spears, 159 F.3d 1081, 1086 (7th Cir. 1998). A court must be persuaded that the defendant would not have been prosecuted but for the government's animus. United States v. Monsoor, 77 F.3d 1031, 1034 (7th Cir. 1996).

In sum, if petitioner chooses to include this claim in his amended petition, he should include the following information:

- details about the timing and substance of original and amended criminal complaints;
- facts regarding the timing of petitioner's not-guilty plea and any relevant plea negotiations; and
- why petitioner believes the prosecutor acted vindictively.

ORDER

IT IS ORDERED that petitioner Earl Phiffer's claim that the state court lacked probable cause to detain him prior to his trial is DISMISSED for failure to state a constitutional claim upon which relief may be granted. Petitioner may have until September 3, 2010, to file an amended petition that complies with this order. If petitioner fails to

9

respond by that date, the clerk of court is directed to close the case.

Entered this 23d day of August, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge